# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROQUE ARELLANO and MARIANNE SOLORIO, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | Case No.: |
| TUBE FABRICATION & COLOR, LLC, (A Wisconsin Limited Liability Company) and T AND B TUBE CO., INC., (an Indiana Corp.), ) ) ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. ) | |

## COMPLAINT

NOW COME the Plaintiffs, ROQUE ARELLANO and MARIANNE SOLORIO by their attorneys, PARENTE & NOREM, P.C., and hereby allege the following as their Complaint:

## PARTIES

1. The Plaintiffs, ROQUE ARELLANO and MARIANNE SOLORIO are lawfully wedded husband and wife and adult residents of the State of Illinois, currently residing in Crete, IL, 60417 and are citizens of the State of Illinois.

2. Upon information and belief, defendant TUBE FABRICATION & COLOR, LLC, (hereinafter "Tube Fabrication") is a Wisconsin Limited Liability Company, doing substantial business in the States of Wisconsin, Illinois and Indiana, whose principal place of business is located at 2601 Badger Ave, Oshkosh, WI 54904, and is a citizen of the State of Wisconsin.

3. Upon information and belief, defendant T AND B TUBE CO., INC. (herein after "T AND B") is an Indiana Corporation, whose principal place of business is located at 4000 E. 7th Ave., Gary, IN, 46403 and is a citizen of the State of Indiana.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§1332(a)(1) because the parties are citizens of different states and the amount in controversy between the parties exceeds the sum of $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over the Defendants because, at all times material hereto, they transacted business in the State of Indiana.

6. Venue is proper in the judicial district pursuant to 28 U.S.C.§1391 because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district and because Defendants transacted business in this district.

## FACTS COMMON TO ALL CLAIMS

7. On and before February 21, 2017, Defendant, Tube Fabrication provided design, engineering, fabrication, assembly, and packaging services for steel tubular products like commercial chairs and tables used in schools, outdoor furniture, deer stands, lawn ornaments, gymnasium equipment, vehicle bumpers, military equipment, and the like to industries all over the United States.

8. That on and before February 21, 2017, Defendant, Tube Fabrication, as part of their regular business operations, would require tubular steel to manufacture its products and would regularly obtain the steel tubing it needed from Defendant, T and B.

9. That on and before February 21, 2017, Defendant, T and B specialized in the manufacturing of "cut to length" steel tubing used in a variety of industries including by Defendant, Tube Fabrication.

10. T and B's services included packaging and delivery of the steel tubing purchased from it.

11. That before February 21, 2017, Defendant, Tube Fabrication placed an order for 2,871 pieces of steel tubing (Designated as 1.00" x 18GA CRCQ PC DD x 63.4300") with Defendant, T and B, to be supplied, packaged, loaded, and shipped to Defendant, Tube Fabrication in Oshkosh, Wisconsin, by T and B.

12. That on or before February 20, 2017, T and B contacted plaintiff, Roque Arellano, owner of Rocky's Trucking, Inc. based in Crete, Illinois, to come to its facility in Gary, Indiana and pick up the 2,871 pieces of tubular steel and haul it to Tube Fabrication in Oshkosh, Wisconsin.

13. That on February 20, 2017, Roque Arellano, supplied his flatbed truck for loading of the steel tubing packages by T and B employees at the Gary facility. A total of nine (9) pre-banded and packaged bundles (stacked three high) consisting of (8) bundles containing (353) pieces of steel tubing and (1) bundle consisting of (47) pieces of steel tubing were loaded onto plaintiff's trailer by T and B employees. Each full bundle weighed approximately 750 pounds and each stack was approximately six feet tall.

14. None of the pre-stacked and packaged bundles were fastened to one another.

15. Each bundle of tubular steel was banded and wood collared by T and B.

16. Defendant, T and B solely determined how the bundles were banded, packaged, loaded, stacked and shipped.

17. After the bundles were loaded by T and B, Roque Arellano placed cargo straps over the bundles and hauled them to Tube Fabrication in Oshkosh, Wisconsin for off-loading.

18. That on the morning of February 21, 2017, Roque Arellano arrived at Defendant, Tube Fabrication for delivery of the steel tubing bundles, removed the cargo straps, and fork lift operators (#1 & #2) employed by Defendant, Tube Fabrication began to remove the pre-stacked bundles from the flatbed trailer.

19. The first stack of three bundles was removed without incident by fork lift operator #1. As fork lift operator #2 attempted to remove the second stack of three bundles from the trailer, the third stack of bundles became unstable and the top bundle fell off the opposite side of the trailer where Roque Arellano was wrapping up his cargo straps, landing on his foot and knocking him to the ground, when the second bundle on the stack fell from the trailer landing on his pelvis area crushing him.

20. As a direct and proximate result of the two 750 pound bundles falling and/or being knocked off the trailer, as a result of defendants' negligence, Roque Arellano sustained severe and permanent injuries, including broken bones with surgeries and bowl and bladder incontinence, which has caused pain and suffering, loss of a normal life, disability, emotional distress, mental anguish, embarrassment, he has become liable for past and future medical bills, lost wages and suffered a loss of future earnings capacity, and affected his relationship with his wife.

# FIRST CLAIM
## NEGLIGENCE OF T AND B
**(paragraphs 1-20 incorporated by reference)**

21. That on and before February 20, 2017, Defendant, T and B, designed, packaged and loaded the bundles in such a way that they were stacked three bundles high without being fastened to one another in any manner.

22. That on February 20, 2017, Defendant, T and B, provided no warnings or instructions regarding the manner, method, risks or hazards of the placement of the aforesaid bundles.

23. That on February 20, 2017, Defendant, T and B, knew or should have known the Plaintiff, Roque Arellano, as part of his job, would be in and around the area of the flatbed trailer in order to strap down/unstrap the load in preparation for transport and/or unloading.

24. That on February 20, 2017, Defendant, T and B knew or should have known that the area on and immediately surrounding the flatbed trailer was an area considered to be part of Plaintiff Roque Arellano's workplace.

25. That on February 20, 2017, Defendant, T and B had a duty to act with ordinary care with respect to the packaging of the steel tubing for transport.

26. That on February 20, 2017, Defendant, T and B had a duty to act with ordinary care with respect to the loading of the steel tubing for transport.

27. That at all times relevant, the Occupational Safety and Health Act (OSHA) codifies the common law duty of ordinary care such that where the relationship between the parties would support a finding that the defendant owed the plaintiff a duty to act with reasonable care, OSHA thereby imposes a duty on the defendant to comply with its standards.

28. That at all times relevant, because the Defendant, T and B owed the Plaintiff the aforementioned duties of ordinary care, Defendant, T and B had a duty to comply with the

applicable standards of OSHA.

29. That at all times relevant, OSHA imposes a duty which is separate and independent of that mentioned in paragraph 23 and which is to provide a safe workplace that is free from recognized hazards that are causing or are likely to cause death or serious physical harm as a result of work related activities.

30. That on February 20, 2017, Defendant, T and B had a duty under OSHA to avoid creating recognized hazards that are likely to cause death or serious physical harm in areas where they knew or should have known that Plaintiff would be working.

31. That on February 20, 2017, Defendant, T and B had a duty to act with reasonable care so to not create an unsafe place to work in areas where they knew or should have known that individuals, including Plaintiff Roque Arellano, would be in or around while performing the duties of their job.

32. That on February 20, 2017, Defendant, T and B breached the aforementioned duties through the following acts and/or omissions:

   a. Did not properly load the steel tubing; and/or

   b. Did not properly secure the steel tubing; and/or

   c. Did not ensure the bundles were stacked and secured in a manner appropriate for transport; and/or

   d. Did not package the steel tubing in a stable manner so as to prevent injury during the unloading process; and/or

   e. Packaged the steel tubing in an unstable manner in violation of OSHA sec. 2236; and/or

   f. Did not load the steel tubing bundles in a stable manner so as to prevent injury

      during the unloading process in violation of OSHA sec. 2236; and/or

    g.    Loaded the steel tubing bundles in an unstable manner in violation of OSHA sec. 2236; and/or

    h.    Did not inspect the load to ensure that its configuration for transport and unloading was not unreasonably dangerous; and/or

    i.    Did not inspect the load for unsafe conditions; and/or

    j.    Improperly loaded the steel tubing bundles in violation of OSHA sec. 2236; and/or

    k.    Did not properly secure the load in violation of OSHA sec. 1910.176(b); and/or

    l.    Did not properly support the load in violation of OSHA sec. 2236; and/or

    m.    Did not properly train its operators and/or shipping personnel; and/or

    n.    Did not affix or provide any warnings or instructions related to the unloading or handling of the steel tubing bundles.

33. As a direct and proximate result of the aforesaid negligence, the Plaintiff, Roque Arellano's foot and pelvis were crushed when two of the steel tubing bundles became and/or were caused to become unstable during the unloading process on the morning of February 21, 2017, and fell on top of him.

34. As a direct and proximate result of the aforementioned negligence, the Plaintiff Roque Arellano has incurred and will incur in the future numerous expenses for hospitalization, medical treatment, rehabilitation, and assistive devices.

35. In addition, the Plaintiff, Roque Arellano, has been and will be in pain, has been and will continue to lose his normal life, has suffered and will in the future suffer emotional distress, disability, mental anguish, has lost and will lose great gains from his inability to work. All of these injuries and conditions are permanent in nature.

WHEREFORE, the Plaintiff, ROQUE ARELLANO, respectfully demand judgment against the Defendant T AND B TUBE CO., INC. For compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## SECOND CLAIM
## NEGLIGENCE- LOSS OF CONSORTIUM-T AND B TUBE CO., INC.
## MARIANNE SOLORIO
**(paragraphs 1-35 incorporated by reference)**

36. That on February 21, 2017, and at all times material hereto, Plaintiffs Roque Arellano and Marianne Solorio were lawfully wedded husband and wife.

37. As a direct and proximate result of T and B's aforesaid misconduct in the first claim proximately causing Roque's resulting injuries and damages, Marianne has been and will continue to be deprived of a portion of Roque's love, companionship, consortium, and/or services which he had ably provided her prior to February 21, 2017.

WHEREFORE, the Plaintiff, MARIANNE SOLORIO, respectfully demand judgment against the Defendant T AND B TUBE CO., INC. for compensatory damages in a sum in excess of Seventy-Five Thousand ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## THIRD CLAIM
## STRICT PRODUCTS   LIABILITY - I.C. 34-20-2-1, 34-20-4-2   & 34-20-2-3
## T AND B TUBE CO., INC.
**(paragraphs 1-35 incorporated by reference)**

38. That on or prior to February 20, 2017, Defendant T and B, manufactured and packaged nine (9) bundles of tubular steel consisting of a total of 2,871 pieces.

39. That on February 20, 2017, the nine bundles of tubular steel were placed into the stream of commerce by Defendant, T and B by selling and shipping them to Defendant, Tube Fabrication.

40. That on February 20, 2017, the nine bundles of steel tubing were unreasonably dangerous at the time they left Defendant, T and B's control.

41. That on and prior to February 20, 2017, Defendant, T and B had a duty to package its product, including the tubular steel, in a reasonably safe condition.

42. That on and prior to February 20, 2017, Defendant, T and B had a duty to label its product, including the tubular steel bundles, and give reasonable warnings of the danger of the product and/or give reasonably complete instructions on the proper use of the product including its loading, unloading, and handling.

43. That on February 21, 2017, and at the time the aforesaid nine bundles of tubular steel left Defendant, T and B's control, they were unreasonably dangerous in one or more of the following respects:
    a. Loaded in such a way that made them unreasonably dangerous;
    b. Packaged in a manner which made the tubular steel unreasonably dangerous;
    c. Were not accompanied with reasonably safe handling, loading, or unloading warnings or instructions;
    d. Were not accompanied with any safe handling, loading, or unloading warnings or instructions;
    e. Were not adequately designed, banded or secured;
    f. Were not packaged or secured in a way that would prevent the stacked bundles from tipping while being unloaded;

g. Did not create a package to stabilize the bundles so that they would not tip;

h. Stacked the bundles without securing them to one another.

44. As a direct and proximate result of the aforesaid negligence, the Plaintiff, Roque Arellano's foot and pelvis were crushed when two of the steel tubing bundles became unstable and/or were caused to become unstable during the unloading process on the morning of February 21, 2017, and fell on top of him.

45. As a direct and proximate result of the aforementioned negligence, the Plaintiff Roque Arellano has incurred and will incur in the future numerous expenses for hospitalization, medical treatment, rehabilitation, and assistive devices.

46. In addition, the Plaintiff, Roque Arellano, has been and will be in pain, has been and will continue to lose his normal life, has suffered and will in the future suffer emotional distress, disability, and mental anguish, and has lost and will lose great gains from his inability to work. All of these injuries and conditions are permanent in nature.

WHEREFORE, the Plaintiff, ROQUE ARELLANO, respectfully demand judgment against the Defendant T AND B TUBE CO., INC. for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## FOURTH CLAIM
## STRICT PRODUCTS LIABILITY - LOSS OF CONSORTIUM - T AND B TUBE CO., INC.
## MARIANNE SOLORIO
**(paragraphs 1-46 incorporated by reference)**

47. That on February 21, 2017, and at all times material hereto, Plaintiffs Roque Arellano and Marianne Solorio were lawfully wedded husband and wife.

48. As a direct and proximate result of T and B's aforesaid misconduct in the third claim proximately causing Roque's resulting injuries and damages, Marianne has been and will continue to be deprived of a portion of Roque's love, companionship, consortium, and/or services which he had ably provided her prior to February 21, 2017.

WHEREFORE, the Plaintiff, MARIANNE SOLORIO, respectfully demand judgment against the Defendant T AND B TUBE CO., INC. for compensatory damages in a sum in excess of Seventy-Five Thousand ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## FIFTH CLAIM
## PUNITIVE DAMAGES- T AND B TUBE CO., INC.
**(paragraphs 1-48 incorporated by reference)**

49. That Defendant, T and B as the designer, manufacturer, packager, and shipper of industrial tubular steel is/was well aware of the inherent dangers presented by its packaging, stacking, loading, unloading, and shipment.

50. That Defendant, T and B, knew that the subject shipment of steel tubing was being transported over the road for approximately 200 miles from Gary, Indiana to Oshkosh, Wisconsin.

51. That Defendant, T and B's conduct in the design, packaging, loading, stacking, labeling, and/or their failure to provide any instructions on the proper use of, or warnings related to the loading or unloading of their tubular steel bundles constituted willful, wanton, intentional conduct and was done with a reckless disregard for safety of the public generally and the plaintiff specifically.

52. That an award of punitive damages against Defendant, T and B is appropriate to punish, deter and discourage the defendant and other persons and companies from similar conduct in the future.

WHEREFORE, the Plaintiffs, ROQUE ARELLANO and MARIANNE SOLORIO, respectfully demand judgment against the Defendant, T AND B TUBE CO., INC. for punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## SIXTH CLAIM
## NEGLIGENCE - TUBE FABRICATION & COLOR, LLC
**(paragraphs 1-20 incorporated by reference)**

53. That on and prior to February 21, 2017, Defendant, Tube Fabrication, knew Plaintiff Roque Arellano would be delivering the nine bundles of tubular steel they purchased from Defendant, T and B and that Defendant, Tube Fabrication would be required to unload them from Plaintiff's flatbed trailer.

54. That on and before February 21, 2017, Defendant, Tube Fabrication knew that given the size and weight of each bundle of tubular steel, that a powered fork lift and/or a crane was required to safely remove the bundles from the flatbed trailer.

55. That on and before February 21, 2017, Defendant, Tube Fabrication had a duty to act with ordinary care with respect to unloading the tubular steel bundles.

56. That on and before February 21, 2017, Defendant, Tube Fabrication had a duty to provide competent and qualified fork lift operators unitized in the unloading of the tubular steel bundles.

57. That on February 21, 2017, and at all times material hereto during the unloading process, fork lift operator #1 and fork lift operator #2 were acting within the course and scope of their employment with Defendant, Tube Fabrication and/or were acting as Defendant Tube Fabrication's agents or servants.

58. That defendant Tube Fabrication solely determined the means, methods, equipment and personnel it utilized in the unloading of the nine tubular steel bundles on February 21, 2017, at its facility.

59. That on February 21, 2017, Defendant, Tube Fabrication, knew or should have known the Plaintiff, Roque Arellano, as part of his job, would be in and around the area of the flatbed trailer in order to strap down/unstrap the load in preparation for transport and/or unloading.

60. That on February 21, 2017, Defendant Tube Fabrication knew or should have known that the area on and immediately surrounding the flat bed trailer was an area considered to be part of Plaintiff Roque Arellano's workplace.

61. That at all times relevant, the Occupational Safety and Health Act (OSHA) codifies the common law duty of ordinary care such that where the relationship between the parties would support a finding that the defendant owed the plaintiff a duty to act with reasonable care, OSHA thereby imposes a duty on the defendant to comply with its standards.

62. That at all times relevant, because the Defendant Tube Fabrication owed the Plaintiff the aforementioned duties of ordinary care, Defendant Tube Fabrication had a duty to comply with the applicable standards of OSHA.

63. That at all times relevant, OSHA imposes a duty which is separate and independent of that mentioned in paragraph 23 and which is to provide a safe workplace that is free from recognized hazards that are causing or are likely to cause death or serious physical harm as a result of work related activities.

64. That on February 21, 2017, Defendant Tube Fabrication had a duty under OSHA to avoid creating recognized hazards that are likely to cause death or serious physical harm in areas where they knew or should have known that Plaintiff would be working.

65. That on February 21, 2017, Defendant Tube Fabrication had a duty to act with reasonable care so to not create an unsafe place to work in areas where they knew or should have known that individuals, including Plaintiff Roque Arellano, would be in or around while performing the duties of their job.

66. That on February 21, 2017, Defendant Tube Fabrication breached the aforementioned duties through the following acts and/or omissions:

    a. Did not properly operate its equipment; and/or

    b. Did not provide proper training to its employees; and/or

    c. Did not provide or utilize proper equipment; and/or

    d. Did not provide a certified fork lift operator; and/or

    e. Did not provide a competent or qualified fork lift operator; and/or

    f. Required an untrained individual to perform fork lift operations; and/or

    g. Did not perform an evaluation of the load prior to attempting to unload it; and/or

    h. Did not perform a job safety analysis; and/or

    i. Did not reject an unsafe load; and/or

j. Did not check for unsafe conditions prior to attempting to unload the trailer; and/or

k. Operated the fork lifts so as to remove the bundles while plaintiff was in the fall zone; and/or

l. Did not implement and/or follow a hierarchy of controls to prevent injury; and/or

m. Did not designate a safe area outside of the fall zone during unloading activities; and/or

n. Did not have a trained and qualified fork lift operator picking up the load; and/or

o. Unloaded the steel tubing bundles with a powered fork lift in an unstable manner in violation of OSHA sec. 2236;

p. Removed the tubular steel bundles three at a time when it was unsafe to do so; and/or

q. Did not properly secure the load in violation of OSHA sec. 1910.176(b);

r. Did not properly support the load in violation of OSHA sec. 2236;

s. Did not provide proper clearance while handling the load with the fork lift in violation of OSHA sec. 1910.176(a); and/or

t. Did not provide a safe work place in violation of OSHA sec. 1910.176(a) and (b); and/or

67. As a direct and proximate result of the aforesaid negligence, the Plaintiff, Roque Arellano's foot and pelvis were crushed when two of the steel tubing bundles became and/or were caused to become unstable during the unloading process on the morning of February 21, 2017, and fell on top of him.

68. As a direct and proximate result of the aforementioned negligence, the Plaintiff Roque Arellano has incurred and will incur in the future numerous expenses for hospitalization, medical treatment, rehabilitation, and assistive devices.

69. In addition, the Plaintiff, Roque Arellano, has been and will be in pain, has been and will continue to lose his normal life, has suffered and will in the future suffer emotional distress, disability, and mental anguish and has lost and will lose great gains from his inability to work.   All of these injuries and conditions are permanent in nature.

WHEREFORE, the Plaintiff, ROQUE ARELLANO, respectfully demand judgment against the Defendant TUBE FABRICATION & COLOR, LLC., for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

## SEVENTH CLAIM
## NEGLIGENCE - LOSS OF CONSORTIUM - TUBE FABRICATION & COLOR, LLC
## MARIANNE SOLORIO
**(paragraphs 1-20 & 53-69 incorporated by reference)**

70. That on February 21, 2017, and at all times material hereto, Plaintiffs Roque Arellano and Marianne Solorio were lawfully wedded husband and wife.

71. As a direct and proximate result of Tube Fabrication's aforesaid misconduct in the sixth claim proximately causing Roque's resulting injuries and damages, Marianne has been and will continue to be deprived of a portion of Roque's love, companionship, consortium, and/or services which he had ably provided her prior to February 21, 2017.

WHEREFORE, the Plaintiff, MARIANNE SOLORIO, respectfully demand judgment against the Defendant TUBE FABRICATION & COLLOR, LLC. for compensatory damages in

a sum in excess of Seventy-Five Thousand ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

**EIGHTH CLAIM**
**PUNITIVE DAMAGES- TUBE FABRICATION & COLOR, LLC.**
**(paragraphs 1-20 & 53-71 incorporated by reference)**

72. That Defendant, Tube Fabrication as a designer, manufacturer, packager, user, and receiver of industrial tubular steel is/was well aware of the inherent dangers presented by its packaging, stacking, loading, unloading, and shipment.

73. That Defendant, Tube Fabrication knew that the subject shipment of steel tubing was being transported over the road for approximately 200 miles from Gary, Indiana to Oshkosh, Wisconsin and that Defendant Tube Fabrication would be required to off load it.

74. That Defendant, Tube Fabrication was well aware of the safety requirement that only trained, competent, and qualified equipment operators be allowed to and/or required to handle thousands of pounds of tubular steel with a motorized fork lift.

75. That Defendant, Tube Fabrication's conduct in the unloading of tubular steel bundles constituted willful, wanton, intentional conduct and was done with a reckless disregard for safety of the public generally and the plaintiff specifically.

76. That an award of punitive damages against Defendant, Tube Fabrication is appropriate to punish, deter and discourage the defendant and other persons and companies from similar conduct in the future.

WHEREFORE, the Plaintiffs, ROQUE ARELLANO and MARIANNE SOLORIO, respectfully demand judgment against the Defendant TUBE FABRICATION & COLOR, LLC.

for punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), pre and post judgment interest, the costs of bringing this action, and any and all other relief that the Court may deem proper under the circumstances.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY IN THE ABOVE MATTER.**

                                              Respectfully submitted,

                                              */s/Christopher M. Norem*
                                              Christopher M. Norem
                                              Attorney for Plaintiffs

12th of September, 2018

Christopher M. Norem (IL State bar number 6237775/
also admitted to the Northern District of Indiana)

Cole Munvez (IL State bar number 6305855/
also admitted to the Northern District of Indiana)

The Law Offices of
Parente & Norem, P.C.
221 N. LaSalle Street , 27th Floor
Chicago, Illinois 60601
(312) 641-5926-Phone
(312)641-5929-Facsimile
email: cn@pninjurylaw.com
       chm@pninjurylaw.com